(62 Misc. Rep. 401.)

RED RAVEN SOCIAL CLUB v. BINGHAM, Police Com'r, et al.

(Supreme Court, Special Term, New York County.   February, 1909.)

INJUNCTION (§ 22*)—WHEN GRANTED—WRONG ALREADY COMMITTED.

Where the police, in the inspection of a house where gambling was charged to have been conducted, ripped up the floors and destroyed the furniture, though it was a gross invasion of private rights, an injunction will be denied, as it would not undo the wrong already committed.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 20; Dec. Dig. § 22.*]

Action by the Red Raven Social Club against Theodore A. Bingham, Police Commissioner, and others.   Injunction denied.

Jacob Stiefel, for plaintiff.
Francis K. Pendleton, Corp. Counsel, for defendants.

ERLANGER, J.   In the case of Colby v. Bingham (decided herewith) 62 Misc. Rep. 396, 116 N. Y. Supp. 705, the court expressed its views of the law that applies to applications of this character.   The exhibits by way of photographs present a case of invasion of personal rights and property that amounts almost to vandalism.   Even the defendants do not attempt to justify them, but meet the charges with a denial which is discredited by the exhibits.

Nowhere, outside the county of New York, would peace officers invade a place and shamelessly destroy property, as the photographs indicate was done in this case.   In inspecting a house where it is charged gambling is being conducted, there is no necessity, and certainly no right, to use axes and crowbars, and rip up a flooring, or smash chairs, tables, and furniture generally.   This was clearly an act of oppression (People v. Summers, 40 Misc. Rep. 384, 82 N. Y. Supp. 297; Phelps v. McAdoo, 47 Misc. Rep. 524, 94 N. Y. Supp. 265), and the offenders should be proceeded against.   I always supposed that property rights were regarded as sacred, even against invasion by a peace officer; but, if what is charged these defendants did is permissible, then my views in that regard are without foundation.

Unfortunately an injunction will not aid the plaintiff or undo the wrong already committed.   On a prior application, made by certain members of plaintiff's organization, an injunction was denied; and, while the plaintiff was not a party to that action, still I feel constrained to follow the ruling then made.   But the wrong done should not be permitted to go unredressed.   Neither the former decision, nor the one now made, should deter the plaintiff from instituting criminal proceedings against the vandals.

Ordered accordingly.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes